IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MERI G. HAMMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CIV-12-83-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Meri G. Hammack requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]"  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2]Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born September 14, 1981, and was twenty-eight years old at the time of the administrative hearing. (Tr. 27). She completed high school and earned a Bachelor's Degree in criminal justice, and has worked as a nursery attendant and cook. (Tr. 16, 28, 136). The claimant alleges inability to work since May 1, 2009, due to high blood pressure, learning disability, epilepsy, and dyslexia. (Tr. 131).

## Procedural History

On May 11, 2009, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Trace Baldwin conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 18, 2010. (Tr. 9-17). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that he included the nonexertional limitations of performing simple tasks on a routine basis; relating to supervisors and co-workers on a

superficial level for work purposes, but not interacting with the general public; not engaging in work activity requiring the ability to read such items as written instructions, lists, or schematics; and not engaging in work activity requiring the ability to write repetitively throughout the day, such as taking notes, writing reports, etc. (Tr. 13). The ALJ concluded that although the claimant could not return to any past relevant work, she was nevertheless not disabled because there was work she could perform in the regional and national economy, *i. e.*, hand packager, shirt presser, and table worker. (Tr. 16-17).

**Review**

The claimant contends that the ALJ erred: (i) by failing to assess her RFC properly in light of *all* of her impairments, including obesity and migraine headaches, and (iii) by improperly assessing her credibility. The Court finds that this case should be reversed because the ALJ failed to properly assess the claimant's RFC.

The record reveals that the claimant had the severe impairments of depression, anxiety, panic attacks, and bipolar disorder. (Tr. 11). The ALJ noted that the claimant had the additional non-severe impairments of sleep apnea, high blood pressure, diabetes, epilepsy, and dyslexia. (Tr. 12). As relevant to this appeal, the record reflects that the claimant weighed in excess of 300 pounds at all times relevant to her application for benefits. *See, e. g.,* Tr. 446, 467, 475, 933. The claimant was treated for migraine headaches and prescribed medications by Dr. Saleem Jabeen. (Tr. 363-381, 475-483). Additionally, Licensed Professional Counselor Linda Estes, of Mental Health Services of Southern Oklahoma prepared a letter, noting that the claimant had experienced a "severe decrease in her mental health," and that "[h]er health issues and reoccurring depression,

anxiety and lack of concentration and lack of physical strength due to migraines severely hampers attempts to maintain steady work part-time due to her mental and physical issues." (Tr. 920).

At the administrative hearing, the claimant testified that her normal weight was 324 pounds, and that she has dyslexia that requires her to use overlays in order to read which had caused her problems in her previous jobs. (Tr. 31-33). She stated that she receives counseling at the Ada Mental Health Facility for anxiety and panic attacks, which she had begun to experience during her last job and had worsened to the point that she had even experienced them at her niece's birthday party. (Tr. 36-38). She testified that she takes two prescription medications for migraines but they don't always help, and that she believes they are caused by her stress and depression. She stated that she would have more than one a month, sometimes once or twice a week, and that they would last a day or two on average. She said that the medications had helped to reduce the frequency of the headaches, *i. e.* one a week rather than two or three, but that the medication had not been successful in reducing the duration of the headaches. (Tr. 45-47).

Because the ALJ did find that the claimant had severe impairments, any failure to find the claimant's additional impairments severe at step two is considered harmless error because the ALJ would nevertheless be required to consider the effects of these impairments and account for them in formulating the claimant's RFC at step four. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity

[to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004) and 20 C.F.R. § 404.1523. *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted]. But here the error *was not* harmless, because the ALJ entirely failed to account for the claimant's migraine headaches and obesity in assessing her RFC. *See, e. g., Grotendorst v. Astrue*, 370 Fed. Appx. 879, 884 (10th Cir. 2010) ("[O]nce the ALJ decided, without properly applying the special technique, that Ms. Gtotendorst's mental impairments were not severe, she gave those impairments no further consideration. This was reversible error."). *See also Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]; *see also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that

Ms. Hamby had the RFC to perform a wide range of sedentary work.") [unpublished opinion].

Social Security Ruling 02-1p states that the effects of obesity must be considered throughout the sequential evaluation process. *See* Soc. Sec. Rul. 02-1p, 2000 WL 628049 at *1 (Sept. 12, 2002). The Listing of Impairments with regard to the Musculoskeletal System references obesity and explains that "[t]he combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately." The ALJ "must consider any additional and cumulative effects of obesity" when assessing an individual's RFC. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, 1.00 Musculoskeletal System, Q. However, "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *6 Therefore, "[a]ssumptions about the severity or functional effects of obesity combined with other impairments [will not be made]," and "[w]e will evaluate each case based on the information in the case record." *Id.*

At step four, the ALJ summarized the claimant's testimony and some of the evidence in the record, but failed to acknowledge the claimant's weight or testimony as to her migraines. As relevant, he recited Ms. Estes' assessment that the claimant's health issues, including her migraine headaches, interfered with her ability to maintain employment, but rejected that opinion because Ms. Estes was "not an acceptable source" and afforded her opinion little weight because she was "without the expertise to assess the claimant's mental abilities and limitations" and did not possess "the medical expertise

to assess physical limitations." (Tr. 15).

Here, the ALJ failed to even discuss each impairment individually, much less whether any of the medical evidence demonstrated any additional and cumulative effects. *See, e. g., Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 741-42 (10th Cir. 2007) (noting that "obesity is [a] medically determinable impairment that [the] ALJ must consider in evaluating disability; that [the] combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC."), *citing* Soc. Sec. Rul. 02-01p, 2000 WL 628049, at *1, *5-*6, *7; *Baker v. Barnhart*, 84 Fed. Appx. 10, 14 (10th Cir. 2003) (noting that the agency's ruling in Soc. Sec. Rul. 02-01p on obesity applies at all steps of the evaluation sequence). Instead, he simply adopted wholesale the RFC prepared by the State reviewing physicians. (Tr. 426-432, 497-513). *See Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) (discussing requirements of SSR 02-01p and finding that "the ALJ provided no discussion of the effect of obesity on Ms. Hamby's other severe impairments.") [unpublished opinion]. *See also DeWitt v. Astrue*, 381 Fed. Appx. 782, 785 (10th Cir. 2010) ("The Commissioner argues that the ALJ adequately considered the functional impacts of DeWitt's obesity, given that the ALJ's decision recognizes she is obese and ultimately limits her to sedentary work with certain restrictions. But there is nothing in the decision indicating how or whether her obesity influenced the ALJ in setting those restrictions. Rather it appears that the ALJ's RFC assessment was based on 'assumptions about the severity or functional effects of [DeWitt's] obesity combined with

[her] other impairments' – a process forbidden by SSR 02-1p." ), *citing* Soc. Sec. R. 02-1p, 2000 WL 628049, at *6.

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of the claimant's obesity and migraine headaches, and whether they had additional and cumulative effects when assessing her RFC. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 12th day of March, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma